**YU | MOHANDESI LLP**

**Pavel Ekmekchyan (SBN 223222)**
213.985.2007 | pavel@yumollp.com
**Sara Stratton (SBN 301294)**
213.985.2005 | sstratton@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Plaintiff
Haffty Consulting, LLC

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

HAFFTY CONSULTING, LLC, a Delaware limited liability company,

Plaintiff,

v.

HEALTHCARE SYSTEMS OF AMERICA CORP., a Nevada corporation, d/b/a HEALTHCARE SYSTEMS OF AMERICA,

Defendant.

Case No. 2:26-cv-13429

**COMPLAINT FOR:**

**(1) BREACH OF CONTRACT;**
**(2) ACCOUNT STATED;**
**(3) OPEN BOOK ACCOUNT; AND**
**(4) QUANTUM MERUIT**

Plaintiff Haffty Consulting, LLC ("Haffty") alleges as follows against Defendant Healthcare Systems of America Corp., doing business as Healthcare Systems of America ("HSA").

**NATURE OF THE ACTION**

1. This is an action to collect $261,352.31 in unpaid consulting fees and expenses, plus contractual interest, that HSA owes Haffty under a written Master Services Agreement.

2. Haffty supplied MEDITECH consultants to support HSA's hospital

information-system implementation in April and May 2026. HSA accepted the services, received eighteen invoices, disputed none of them, and paid none of them.

3. HSA ignored Haffty's payment requests, a written demand from counsel, and the mediation that the parties' agreement calls for.

**PARTIES**

4. Haffty is a limited liability company organized under the laws of Delaware, with its principal office at 11 Apex Drive, Suite 300A, Marlborough, Massachusetts 01752.

5. Haffty has three members, each a natural person: David Haffty, who is domiciled in and a citizen of Massachusetts; David LaFontaine, who is domiciled in and a citizen of Massachusetts; and Shelly Noyes, who is domiciled in and a citizen of Utah. Haffty is therefore a citizen of Massachusetts and Utah and of no other state.

6. No member of Haffty is a citizen of Nevada, Florida or California.

7. On information and belief, HSA is a corporation organized under the laws of Nevada with its principal place of business at 110 SE 6th Street, Suite 2310, Fort Lauderdale, Florida 33301. HSA is therefore a citizen of Nevada and Florida.

8. On information and belief, HSA does business under the names "Healthcare Systems of America" and "HSA," and it is the entity that entered into the agreement described below under the name "Healthcare Systems of America."

9. On information and belief, HSA owns, operates or manages hospitals in several states, directly and through subsidiaries, is registered with the California Secretary of State to do business in California, and maintains an agent for service of process in California. At all relevant times HSA maintained an office at 505 North Brand Boulevard, Suite 1200, Glendale, California 91203, from which it dealt with Haffty.

**JURISDICTION AND VENUE**

10. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Haffty is a citizen of Massachusetts and Utah. HSA is a citizen of Nevada and

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Florida. The parties are completely diverse.

11. The amount in controversy exceeds $75,000, exclusive of interest and costs. The unpaid principal alone is $261,352.31.

12. This Court has personal jurisdiction over HSA. HSA entered into and administered the agreement through its Glendale, California office, where its Chief Information Officer signed for HSA and where HSA received Haffty's invoices and demands and failed to pay them. Haffty's claims arise out of those California contacts.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because HSA is subject to personal jurisdiction in this District with respect to this action and therefore resides here under 28 U.S.C. § 1391(c)(2) and (d). Venue is also proper under 28 U.S.C. § 1391(b)(2) because HSA contracted with Haffty, received Haffty's invoices, and failed to pay them from its office in Glendale, Los Angeles County.

14. Assignment to the Western Division is proper because the claims arose in Los Angeles County, where HSA's Glendale office is located.

## FACTUAL ALLEGATIONS

### A. The Master Services Agreement

15. Haffty provides MEDITECH software implementation, project consulting, interim staffing and application support services to hospitals and health systems.

16. Haffty and HSA entered into a written Master Services Agreement with an effective date of March 26, 2026 (the "MSA"). David Colarusso, HSA's Chief Information Officer, signed the MSA for HSA on March 31, 2026. A true copy of the MSA is attached as Exhibit A.

17. Under Section 3.0 of the MSA, Haffty agreed to provide consulting resources to HSA as defined in Statements of Work ("SOWs"), each of which became part of the MSA.

18. Under Section 4.2 of the MSA, HSA agreed to reimburse Haffty's

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

actual, reasonable expenses incurred in connection with on-site performance of the services.

19. Under Section 4.3 of the MSA, HSA agreed to pay undisputed fees and expenses within thirty days of the invoice date.

20. Section 4.3 further provides that interest will be charged on all undisputed invoices outstanding longer than thirty days at 1.5% per month (18% per annum).

21. Under Section 4.5.1 of the MSA, HSA was required to notify Haffty of any unsatisfactory services within thirty days of performance.

**B. Haffty's Performance and HSA's Failure to Pay**

22. Haffty performed the services called for by the MSA and the SOWs in April and May 2026. HSA accepted those services.

23. Haffty issued eighteen invoices to HSA for the services and related expenses, addressed to HSA at its Glendale office.

| Invoice No. | Invoice Date | Amount |
|---|---|---|
| 1 | May 12, 2026 | $23,673.00 |
| 2 | May 12, 2026 | $10,960.14 |
| 3 | May 12, 2026 | $12,688.46 |
| 4 | May 12, 2026 | $12,066.56 |
| 5 | May 12, 2026 | $18,050.75 |
| 6 | May 12, 2026 | $10,245.85 |
| 7 | May 12, 2026 | $28,288.28 |
| 8 | May 12, 2026 | $11,820.16 |
| 9 | May 12, 2026 | $14,375.00 |
| 10 | May 12, 2026 | $11,805.59 |
| 11 | May 12, 2026 | $12,055.62 |
| 12 | May 12, 2026 | $23,054.58 |
| 13 | May 12, 2026 | $31,757.36 |
| 14 | June 5, 2026 | $4,249.38 |
| 15 | June 5, 2026 | $3,000.00 |
| 16 | June 5, 2026 | $4,000.00 |
| 17 | June 5, 2026 | $15,124.20 |
| 18 | June 5, 2026 | $14,137.38 |
| **Total** | | **$261,352.31** |

24. HSA received each invoice. HSA did not dispute any invoice or any of the services, and it did not give notice of unsatisfactory services under Section 4.5.1.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

25. Payment of Invoices 1 through 13 was due by June 11, 2026. Payment of Invoices 14 through 18 was due by July 5, 2026.

26. HSA has paid nothing. The unpaid principal balance is $261,352.31.

27. On September 9, 2026, Haffty sent HSA Invoice 19 for $11,120.27 in interest then accrued under Section 4.3, and again requested payment or a payment plan. HSA did not respond.

28. On September 18, 2026, Haffty's counsel sent HSA a written notice of default and demand for payment by FedEx and email. HSA did not respond.

### C. Mediation

29. Section 7.4 of the MSA provides that the parties will first attempt to resolve disputes through non-binding mediation under the commercial mediation rules of the American Arbitration Association ("AAA"), without prejudice to their rights to pursue all remedies at law or in equity.

30. Haffty initiated mediation with the AAA, Case No. 01-26-0005-9357, and gave HSA notice of it.

31. HSA did not respond to the AAA or to Haffty and did not participate. The AAA closed the mediation on November 3, 2026.

32. Haffty has performed every obligation and satisfied every condition required of it under the MSA, except those that HSA's conduct excused or prevented.

## FIRST CLAIM FOR RELIEF

## (Breach of Contract)

33. Haffty incorporates paragraphs 1 through 32.

34. The MSA and the SOWs are valid, enforceable written contracts between Haffty and HSA.

35. Haffty performed its obligations under the MSA and the SOWs.

36. HSA breached Section 4.3 of the MSA by failing to pay Invoices 1 through 18 within thirty days of their dates, or at all.

37. HSA's breach damaged Haffty in the principal amount of $261,352.31,

plus interest at 18% per annum under Section 4.3 from the thirty-first day after each invoice date until paid.

**SECOND CLAIM FOR RELIEF**

**(Account Stated)**

38. Haffty incorporates paragraphs 1 through 32.

39. HSA became indebted to Haffty for services rendered and expenses incurred at HSA's request.

40. Haffty rendered statements of that account to HSA through Invoices 1 through 18, Invoice 19, and the September 18, 2026 demand, which stated the balance due.

41. HSA received those statements and did not object to them within a reasonable time, or at all. HSA thereby assented to the balance.

42. HSA has not paid any part of the stated balance of $261,352.31, which remains due with interest.

**THIRD CLAIM FOR RELIEF**

**(Open Book Account)**

43. Haffty incorporates paragraphs 1 through 32.

44. Haffty kept, in the regular course of its business, a written or electronic account of the charges for services and expenses it furnished to HSA and of the credits due to HSA, if any.

45. HSA owes Haffty $261,352.31, plus interest, on that account, and no part of it has been paid.

**FOURTH CLAIM FOR RELIEF**

**(Quantum Meruit - In the Alternative)**

46. Haffty incorporates paragraphs 1 through 32, and pleads this claim in the alternative to its first claim.

47. HSA requested that Haffty provide consulting services, and Haffty provided them with the expectation of payment.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

48. HSA accepted, used and benefited from those services.

49. The reasonable value of the services and related expenses is at least $261,352.31, none of which HSA has paid.

## PRAYER FOR RELIEF

Haffty requests judgment against HSA as follows:

1. Damages in the principal amount of $261,352.31.

2. Contractual interest at 18% per annum under Section 4.3 of the MSA from the thirty-first day after each invoice date through entry of judgment.

3. In the alternative, prejudgment interest under California Civil Code section 3287(a).

4. Post-judgment interest under 28 U.S.C. § 1961.

5. Reasonable attorneys' fees and the costs of collection, including AAA administrative fees, to the extent permitted by the MSA or by law.

6. Costs of suit.

7. Such other relief as the Court deems just.

DATED: November 17, 2026

**YU | MOHANDESI LLP**

By: ______________________

Pavel Ekmekchyan
Sara E. Stratton
Attorneys for Plaintiff
Haffty Consulting, LLC

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071