EXHIBIT A

HAFFTY

# Master Services Agreement

| | |
|---|---|
| Client | **Healthcare Systems of America (HSA)** |
| Services Provider | **Haffty Consulting, LLC**, a Delaware-based limited liability company, with its principal offices at 11 Apex Dr. Suite 300A, Marlborough, MA 01752. |
| Effective Date | **March 26, 2026** |

This Master Services Agreement (MSA) entered into by the parties above outlines the terms and conditions, which will apply throughout the term of association.

## 1.0 Contents

***1.0 Contents 1***

***2.0 Services 2***

***3.0 Authorities 3***

***4.0 Fees and Expenses 3***

*4.1 Fees 3*

*4.2 Expenses 4*

*4.3 Invoicing 4*

*4.4 Onboarding 5*

*4.5 Resources 5*

4.5.1 Professional Services Warranty 5

4.5.2 Subcontracting 5

4.5.3 Non-Solicitation 5

***5.0 Term and Termination 6***

*5.1 Term 6*

*5.2 Termination 6*

5.3 Effect of Termination 6

**6.0 Indemnification and Limitation of Liability 7**

6.1 Indemnification 7

6.2 Limitation of Liability 7

**7.0 Additional 8**

7.1 Notice 8

7.2 Amendments 8

7.3 Governing Law 9

7.4 Resolution of Disputes 9

7.5 Confidential Information 9

7.6 Proprietary Information 9

7.7 Right to Use Client Name in Marketing 9

7.8 Protected Health Information 10

**8.0 Approvals 10**

**Exhibits to MSA 11**

**Exhibit A – Statement of Work (Sample) 12**

**Exhibit B - Rate Card 15**

**Exhibit C - Business Associate Agreement (BAA) – Reference Only 16**

## 2.0 Services

Haffty Consulting provides MEDITECH implementation and project-based consulting, interim staffing, report writing and application support services (herein after defined) within the healthcare industry;

Whereas, Client desires to engage Haffty Consulting to provide the Services and Haffty Consulting desires to provide such services to Client in accordance with the terms set forth herein;

Now therefore, in consideration of the mutual covenants and agreement contained herein, the parties agree as follows:

# 3.0 Authorities

Client engages with Haffty Consulting to provide consulting services as defined in each Statement of Work (SOW), to be drafted substantially in the form of Exhibit A, (the "services") for each role(s) of the engagement (s). Each SOW will have a defined start and end date or "active period."

The MSA provides the terms and conditions on which Client from time to time may request from Haffty Consulting (and Haffty Consulting may provide) resources to meet specified resource requirements of Client. In turn, Haffty Consulting shall provide the resource(s) to support Client's requirements for the period requested. Haffty Consulting will provide resources to perform the Services through work assignments which will be authorized by the issuance of a SOW And signed by an authorized representative of both parties. Each SOW executed pursuant to this MSA will be part of the MSA as if fully included within its body. All Services performed by Haffty Consulting under each SOW shall be consistent in quality with Haffty Consulting's resource qualifications, expertise and training and shall be performed with reasonable care in a diligent and competent manner to Client's reasonable satisfaction. Client reserves the right to add or adjust the SOW as per its project needs. Any changes to the original scope may require a review of the fee schedules.

# 4.0 Fees and Expenses

## *4.1* Fees

The fees are set forth per **Rate Card (Exhibit B).**

4.1 The rates apply for services provided through Calendar Year **2026** If Client desires to extend, i.e., beyond the base calendar year or associated SOW-specific end date, a modest annual rate increase of not more than **4%** may be applied.

4.2 Haffty Consulting only invoices for productive hours and does not charge for travel time unless such travel occurs between multiple Client locations.

4.3 Consultant time is billable in thirty (30) minute minimum increments. Management of time is a joint effort between Client and Haffty Consulting.

4.4 If special circumstances arise that do not meet the criteria above, the client will be notified in advance and terms will be outlined and agreed to in the SOW.

## 4.2 Expenses

Client shall reimburse Haffty Consulting for any and all actual reasonable and customary expenses incurred in connection with the assigned staff's on-site performance of the services., Haffty Consulting will make every reasonable effort to minimize travel expenses and related costs, including, but not limited to travel, lodging, meals, car rental, telephone, online Internet/computer charges, printing, and related miscellaneous incidentals. Haffty Consulting use the following guidelines to minimize travel expenses and related costs:

a) Air travel (main cabin fares booked in advance whenever possible).

b) Rental cars (mid-size or smaller), or alternative ground transportation (taxi, ride sharing, etc.) if economical and practical.

c) Meals and miscellaneous expense reimbursement with a $75 per diem, reviewed annually.

d) Mileage for personal vehicles (paid at the current IRS approved mileage rate).

e) Mileage, tolls, and parking reimbursement (for locally assigned resources).
f) Lodging not to exceed $200 per night (exclusive of taxes and fees).

Client shall provide Haffty Consulting with a list of any preferred lodging and/or car rental vendors, with respective negotiated rates and discount codes.

Haffty Consulting will perform work remotely when appropriate for the project and upon Client approval. Travel expenses will not be incurred for consultant work performed on a remote basis.

## 4.3 Invoicing

Client shall make payment of undisputed fees and expenses within thirty (30) days of invoice date. Invoicing by Haffty Consulting to the Client will be monthly for services and expenses. provided.

Interest will be charged on all undisputed invoices outstanding longer than 30 days at the rate of 1.5% per month (18% per annum).

Haffty Consulting's invoices will be in a form reasonably acceptable to Client and provide detail which allows Client to identify services provided and associated expenses.

## 4.4 Onboarding

Client specific on-boarding costs and associated expenses (travel), etc., are responsibility of Client, and Haffty Consulting reserves the right to invoice for such.

## 4.5 Resources

### 4.5.1 Professional Services Warranty

Professional Services shall be performed in a professional and workmanlike manner, consistent with industry standards. Client must notify Haffty of unsatisfactory services within 30 days of performance. Remedy for breach of Services Warranty shall be to (i) re-perform such Services and/or training; or (ii) to provide Client a credit or refund for the agreed upon portion of the services that does not meet industry standards.

Assigned resources will abide by the policies, procedures, rules and regulations of Client while performing services for Client. Haffty Consulting agrees that the Services will be provided in conformity with all applicable federal, state and local laws, standards, rulings or regulations, including any applicable standards of the Health Facilities Accreditation Program (HFAP), or any other federal, state or local government agency or accrediting bodies exercising authority with respect to, or providing reimbursement for, the Client. No other representation of services of Haffty Consulting shall be implied.

Client shall notify Haffty Consulting if the Client seeks to make any material change to the expectations of Haffty Consulting resources and/or term of this engagement.

### 4.5.2 Subcontracting

Client recognizes that Haffty Consulting's resourcing model at times includes employees and/or independent contractors and that such independent contractors are subcontractors to Haffty Consulting.

### 4.5.3 Non-Solicitation

During the term of this agreement Haffty Consulting and Client may execute individual SOWs for the engagement of services spanning a defined active period. Haffty Consulting and Client agree that during any active period and for a period of one (1) year thereafter, neither party will solicit or recruit, hire, directly or indirectly, or knowingly engage as an independent contractor any resource of the other party, who has been involved in rendering or receiving services

hereunder who worked with or became familiar with during this period, without the prior written approval of the other party. Parties agree it shall not be a violation of this clause to hire a person who applies via public job posting. Additionally, Parties also agree not to proactively solicit or encourage a person to apply to any such public job postings.

# 5.0 Term and Termination

## 5.1 Term

Subject to Section 5.2 below, the term of this MSA shall commence on the date hereof and shall continue in full force until terminated by either party for an initial term of one year.

## 5.2 Termination

Notwithstanding the provisions above, this MSA may be terminated at any time:

a) By Client, without cause upon 30 days' notice. Such termination shall obligate Client for fees up through the date of termination as well as incurred expenses only; or
b) By either party in the event of the willful dishonesty, fraud, willful submission of false information or willful breach of its obligations under this MSA by the other party or its officers, employees, or agents; or
c) By Client, with cause and in good faith for performance or behavior exhibited by an assigned consultant that is considered unacceptable by Client. Such termination shall be immediate, and Client shall be obligated to pay for services rendered and expenses incurred through the date of termination less any damages or losses incurred by Client as a result of such performance or behavior or any other breach by Haffty Consulting of its obligations hereunder; or
d) By Client, if the consultant identified in **Exhibit A** or any other consultant subsequently accepted by Client becomes unavailable to provide services to Client for any reason. Haffty Consulting will not remove any consultant with less than a 30-day notice, except in events beyond its control. Such termination shall obligate Client for fees up through the date of termination as well as incurred expenses only. Haffty Consulting shall notify Client immediately upon it becoming aware that such consultant will become unavailable to provide services to Client; or
e) By Haffty Consulting in the event that Client shall fail to pay any undisputed amount when due under the terms of this MSA, and such failure continues for a period of fifteen days after written notice of such nonpayment has been provided to Client by Haffty Consulting.

## 5.3 Effect of Termination

Termination of this MSA shall not release any party from any other obligation or liability hereunder or deny any party any right or payment hereunder, in any case, which at the date of termination has already accrued to such party. The right to early termination is not to be construed as the exclusive remedy of either party for breach of duties and obligation under this MSA.

# 6.0 Indemnification and Limitation of Liability

## 6.1 Indemnification

Each party (the “indemnifying party”) shall indemnify and hold harmless the other party, its agents, officers, members and employees (collectively, the “indemnified party”) from all damage, losses, obligations, liabilities, claims, costs and expenses (including reasonable attorneys’ fees, penalties and fines) incurred by the indemnified party incident to any threatened or actual claim, demand, suit or action which relates to or arises out of misconduct, negligence, error, omissions, actions or inactions on the part of the indemnifying party. It is the intention of this indemnification provision that the indemnified party will be indemnified against any derivative or vicarious liability arising out of any negligence or misconduct on the part of the indemnifying party or its agents or employees. The indemnified party shall give notice to the indemnifying party promptly after obtaining knowledge of any claim as to which recovery may be sought against the indemnifying party because of the indemnity set forth above and shall provide all cooperation and assistance reasonably requested by the indemnifying party or its insurer in the defense of any claims. The indemnifying party or its insurer shall have the right to select defense counsel, be in sole control of the defense, and to settle or defend the claim upon such terms as the indemnifying party deems appropriate.

## 6.2 Limitation of Liability

The limit of either party’s liability hereunder (whether in contract, tort, negligence, strict liability in tort or by statute or otherwise) to the other party or any other entity or person concerning any breach of this MSA, or in any manner related to this MSA, for any reasons and for all claims, shall not in the aggregate exceed the fees actually paid by Client to Haffty Consulting under the respective SOW. In no event shall either party be liable for consequential, incidental or punitive loss, damage or expenses (including loss of profits or savings). The foregoing limitation on liability shall not apply with respect to: (i) damages to person and/or tangible property occasioned by the willful misconduct or gross negligence of a party; (ii) claims that are the subject of indemnification pursuant to the preceding paragraph; and (iii) either party’s breach or alleged breach of its confidentiality obligations under this MSA.

# 7.0 Additional

## 7.1 Notice

Any notice, waiver or other communication required or permitted under this MSA, shall be in writing and shall be deemed to have been duly provided if delivered by hand delivery, by certified or registered first class mail, postage prepaid, return receipt requested or by recognized overnight courier service, addressed as follows:

If to Client:

| | |
|---|---|
| Client Name | ____________________________________ |
| Address | ____________________________________ |
| City, State, Zip | ____________________________________ |
| Attention | ____________________________________ |
| Phone | ____________________________________ |
| Fax | ____________________________________ |

If to Haffty Consulting:

Haffty Consulting
11 Apex Dr. Suite 300A
Marlborough, MA 01752
Attention: Contracts Department

Or to such other address or addresses as such party may from time to time designate to itself by like notice. Notices shall be effective upon receipt.

## 7.2 Amendments

This MSA may be amended at any time only by additional written agreements executed by all the parties, as may be mutually determined by the parties hereto to be necessary, desirable, or expedient to further the purpose of this MSA or to clarify the intentions of the parties hereto.

## 7.3 Governing Law

This MSA shall be governed by and construed in accordance with the laws of the State of California without regard to the principles of conflicts of law. The parties further agree that the courts of California shall have exclusive jurisdiction over any disputes hereunder or between the parties pursuant to this MSA.

## 7.4 Resolution of Disputes

In the event of any dispute or claim arising from or related to the provisions of this MSA, the parties agree to attempt first to resolve such a dispute or claim in good faith through non-binding mediation in accordance with the rules of commercial mediation promulgated by the American Arbitration Association. If the parties cannot agree on the selection of a mediator, the parties agree to allow the American Arbitration Association to choose a mediator to hear the dispute or claim between the parties. Such mediation shall be without prejudice to the parties' rights to exercise all remedies available to them at law or in equity in connection with claims under this MSA.

## 7.5 Confidential Information

Client recognizes that in the course of performance that Haffty Consulting may have access to confidential materials and information. Haffty Consulting agrees to keep such confidential information and materials, including but not limited to business plans, strategies, financial data, patient information, business relationships or other material reasonably designated and marked as confidential prior to receipt in strict confidence. Haffty Consulting agrees to not discuss, display, disseminate or otherwise transfer confidential information.

## 7.6 Proprietary Information

During the active period Haffty Consulting may provide Client with access to Haffty Consulting proprietary information (PI), which may include project management methodologies, project management solutions, project plans, workflows, deliverables, business plans, strategies, project tools, templates, collateral, and support materials. Client acknowledges such PI is the intellectual property of Haffty Consulting and is being granted exclusively for internal, non-commercial use related to the Services. Client will not distribute to third parties without the prior consent of Haffty Consulting.

## 7.7 Right to Use Client Name in Marketing

Intentionally omitted.

### 7.8 Protected Health Information

The parties acknowledge that, in the course of performing services hereunder, Haffty Consulting may obtain access to "protected health information" and thereby become a "business associate" of Client, as defined in the Health Insurance Portability and Accountability Act of 1996 and the regulations issued thereunder. If not already executed by the parties, Haffty Consulting accordingly agrees to enter into and abide by the terms of Client's Business Associate Agreement (BAA) – (Exhibit C) before performing services under this MSA, which shall prevail in the event of any conflict between such terms and the terms of this MSA.

## 8.0 Approvals

**IN WITNESS WHEREOF,** the parties have executed this MSA on the dates set forth below.

| HAFFTY CONSULTING, LLC | HEALTHCARE SYSTEMS OF AMERICA |
|---|---|
| By: DocuSigned by: David LaFontaine CF54A4D1A540402... | By: [signature] |
| Name: David LaFontaine | Name: David Colarusso |
| Title: Partner | Title: CIO |
| Date: 3/31/2026 | Date: 3/31/2026 |

# Exhibits to MSA

# Exhibit A

## Exhibit A – Statement of Work (Sample)

Healthcare Systems of America

Statement of Work No. HSA 001

This **Statement of Work** (SOW) is a supplement to the Master Services Agreement (MSA) by and between **Healthcare Systems of America** (Client) and Haffty Consulting (HC) dated March 27, 2026 and is subject to the terms and conditions thereof. To the extent this SOW is inconsistent with the terms of the MSA the terms of the MSA will prevail.

| | |
|---|---|
| ***Client*** | Healthcare Systems of America<br><br>Specific sites anticipated to be in scope for this project include:<br><br>To be provided and confirmed by HSA |
| ***Engagement*** | MEDITECH subject matter expertise to provide support of Client's Expanse implementation. |
| ***Consultant(s)*** | TBD once list is confirmed and approved by HSA |
| ***Scope and Approach*** | Provide comprehensive MEDITECH subject matter expertise and overall consulting support to Client during assigned (approximately) 12 hour shifts as outlined by Client's master schedule, in support of Client's Expanse implementation at various facilities. |
| ***Term,***<br><br>***Effort,*** | • Term: Varied by Consultant according to Client master schedule. Expected to start no earlier than April 4, 2026, and continue through Mid-May 2026 |

| | |
|---|---|
| ***Schedule,*** <br> ***Logistics*** | • Effort is estimated at TBD hours, not to exceed # of hours in total without prior written Client approval.Client will provide Master schedule outlining shifts, and expected on site or remote location |
| ***Deliverables*** | Project deliverables may include but are not limited to: "[Click here and insert deliverables]" <br> Consultant may provide work plan(s) as appropriate. Consultant shall provide any applicable documentation of efforts and provide appropriate knowledge transfer. |
| ***Fees*** | Rate: $125 per hour <br> Estimated Work Effort: "[Click here and insert total hours]" <br> Total Estimated Fees: "[Click here and insert dollar amount]" Hours presented above are an estimate only. <br> Client will only be billed for actual, productive hours needed to complete the project. |
| ***Deposit Requirement*** | Deposit will be waived for this engagement due to the expedited timeline. |
| ***Expenses*** | Please refer to MSA section 4.2. |

## Engagement Contact and Key Personnel Information

| | |
|---|---|
| **Client Engagement Coordination/Point**<br>Name:<br>Title:<br>Phone:<br>Email: | |
| **Haffty Consulting**<br>**Resource – Consultant**<br>Name:<br>Phone:<br>Email: | |
| **Haffty Consulting**<br>**Contract Administration**<br>Name:<br>Phone:<br>Email: | |

## Approvals

| HAFFTY CONSULTING, LLC | HEALTHCARE SYSTEMS OF AMERICA |
|---|---|
| By: DocuSigned by: David LaFontaine CF54A4D1A540402... | By: [signature] |
| Name: David LaFontaine | Name: David Colarusso |
| Title: Partner | Title: CIO |
| Date: 3/31/2026 | Date: 3/31/2026 |

# Exhibit B

## Exhibit B - Rate Card

Healthcare Systems of America

Unless specifically agreed upon and modified to the mutual satisfaction of Haffty Consulting and Client, the following rate card will apply:

| Role | Hourly Rate |
|---|---|
| Project Director/Manager | $145 |
| Process Design Lead | $140 |
| Senior Consultant | $135 |
| Report Writer | $125 |
| Trainer/Go-LIVE Support | $125 |

This rate card is effective through Calendar Year **2026**. An annual increase of not more than 4% will be applied in subsequent years.

The rate card only reflects the hourly rate(s) and does not include any and all associated expense costs (Travel and Expenses).

# Exhibit C

## Exhibit C - Business Associate Agreement (BAA) – Reference Only

Intentionally Left Blank